IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| IN RE: | ) No. 1:10mj 714 |
| EXTRADITION OF MAN KI KIM | ) |
|  | ) UNDER SEAL |

## COMPLAINT

I, James P. Gillis, being duly sworn, state that I am an assistant United States attorney for

the Eastern District of Virginia and, with respect to the fugitive MAN KI KIM, act for and on

behalf of the Federal Republic of Germany (the Requesting State) pursuant to the 1978 U.S.-

Germany Extradition Treaty ("the 1978 Treaty") and the 1986 Supplemented Extradition Treaty

("the 1986 Supplemental Treaty"), as amended and supplemented by the U.S.-Germany Second

Supplementary Treaty signed April 18, 2006 (the "2006 Second Supplemental Treaty"), which

implements the Agreement on Extradition between the United States and the European Union

signed June 25, 2003.

In accordance with Title 18, United States Code, Section 3184, on information and belief

that is based upon the warrant, affidavits, and accompanying documents supplied by the Federal

Republic of Germany that have been provided to the Court, I charge as follows:

1.    Foreign charges.  The fugitive is duly and legally charged with having committed,

in the jurisdiction of the Requesting State, the following seventeen crimes:

a.    Case 1: Fraud in an Especially Serious Case in Detriment of the IKBB AG

Members in June 2005 (Sect. 263 subsect. 1, subsect. 3 no. 1, no. 2 Criminal Code [StGB]);

b.      Case 2:  Offering of a Bribe in Business Transactions in an Especially Serious Case Involving Dr. Michael Thielbeer (Sect. 299 subsect. 2, 300 no. 1 Criminal Code [StGB]);

c.      Case 3:  Offering of a Bribe in an Especially Serious Case Involving the Suspects Hübner and Zwiebler (Sect. 334 subsect. 1, subsect. 3, 335 subsect. 1 no. la Criminal Code [StGB]);

d.      Case 4:  Fraud in an Especially Serious Case in Detriment of the Federal City of Bonn When Concluding the Project Contract in March 2006 (Sect. 263 subsect. 1, subsect. 3 no. 1, no. 2 Criminal Code [StGB]);

e.      Case 5-11:  Breach of Trust in an Especially Serious Case by Concluding Loan Agreements in Seven Cases (Sect. 266 subsect. 1, subsect. 2, 263 subsect. 3 no. 1, no. 2 Criminal Code [StGB]);[1]

f.      Case 13:  Fraud in an Especially Serious Case in Detriment of the Company Honua by Concluding the Contract on September 09, 2007 (Sect. 263 subsect. 1, subsect. 3 no. 1, no. 2 Criminal Code [StGB]);

g.      Case 14:  Breach of Trust in an Especially Serious Case in Detriment of UNCC GmbH by Concluding the Agreements on September 19, 2007 (Sect. 266 subsect. 1, subsect. 2, 263 subsect. 3 no. 1, no. 2 Criminal Code [StGB]);

---

[1]Although the preamble to the German warrant of arrest speaks of eighteen charges, I have confirmed with the German prosecutor that there are in fact only seventeen, there being no "case 12." This was apparently the result of a simple counting error, a quite literal example of the legal axiom, "*Judex non calculat.*"

-2-

      h.     Case 15:  Fraud in an Especially Serious Case in Detriment of the Company Honua by Concluding the Agreements on April 14, 2008 (Sect. 263 subsect. 1, subsect. 3 no. 1, no. 2 Criminal Code [StGB]);

      i.     Case 16:  Fraud in an Especially Serious Case in Detriment of the Company Honua by Concluding the Agreements on April 28, 2008 (Sect. 263 subsect. 1, subsect. 3 no. 1, no. 2 Criminal Code [StGB]);

      j.     Case 17:  Breach of Trust in an Especially Serious Case in Detriment of UNCC GmbH by Concluding the Agreements on and December 10, 2008 (Sect. 266 subsect. 1, subsect. 2, 263 subsect. 3 no. 1, no. 2 Criminal Code [StGB]); and

      k.     Case 18:  Attempted Process Fraud Before the Regional Court [Landgericht] of Bonn Committed in One and the Same Act Together with a False Affirmation in Lieu of an Oath (Sect. 263 subsect. 1, subsect. 2, 156, 22, 23 Criminal Code [StGB]).

The offenses for which extradition is sought are covered by Article 2 of the 1978 Extradition Treaty as amended and supplemented by the 1986 Supplemental Treaty.

2.    <u>Foreign arrest warrant</u>.  A warrant for the fugitive's arrest was issued on May 6, 2010, by the Local Court of Bonn.

3.    <u>Facts underlying foreign charges</u>.  According to an investigation by authorities of the Requesting State, the fugitive, MAN KI KIM, committed bribery and fraud to win the contract for a major construction project to convert former government buildings in Bonn, Germany, into an International Congress Center known as "Internationales Kongresszentrum Bundeshaus Bonn" (IKBB).  KIM is the president and chief executive officer of SMI Hyundai Corp. (SMI Hyundai).  According to the German authorities, KIM entered into an agreement with

the leading contender for the construction contract, IKBB AG, but did so fraudulently intending to steal IKBB AG's proprietary information in order to have KIM's company, SMI Hyundai emerge as the winning bidder.

The City of Bonn hired Dr. Michael Thielbeer to serve as a consultant to provide independent advice on awarding the contract for the IKBB project. In order to secure the contract, KIM paid Dr. Thielbeer over €500,000 while he was supposedly acting as an "independent" consultant for the City of Bonn. According to the German authorities, Dr. Thielbeer did not provide any services to KIM or his company that would warrant such payments, providing further evidence that KIM's payments to Thielbeer were a bribe. Based on Dr. Thielbeer's recommendation in favor of KIM's company and his assurance that KIM's company was solvent, the City of Bonn awarded the contract to KIM and SMI Hyundai. KIM subsequently entered into an agreement with the City of Bonn to complete the IKBB project even though KIM knew he did not have the necessary funds to fulfill his contractual obligations.

KIM also submitted false financing agreements with financial institutions and investors to conceal this fact and to prevent cancellation of the contract. The victims of this fraud included Honua Investment Management Inc. (Honua), to whom KIM pledged the shares of UNCC GmbH, an entity that had been created by KIM to carry out the construction project. The shares of UNCC GmbH were held by SMI Hyundai, but had been previously pledged to Arazim Ltd in order to obtain funding for the project. Thus, according to the German authorities, KIM fraudulently pledged the same shares of UNCC GmbH to both Arazim Ltd and to Honua.

4.      <u>Fugitive's presence in the United States</u>. Until he recently sold the property, MAN KI KIM resided at 7818 Swinks Mill Court, McLean, Virginia. KIM owns property at

1489 Broadstone Place, Vienna, Virginia, and 2900 Greenbrier Road, Haysi, Virginia, although the former property is now for sale. On October 13, 2010, KIM was to depart for Saudi Arabia from Dulles International Airport and to return to Dulles on October 17, 2010; however, KIM was a no-show for this flight. Accordingly, I believe that the fugitive remains within the jurisdiction of this Court.

5.    Fugitive's description. The fugitive, a citizen of the Republic of Korea, was born on September 5, 1960, in Seoul, South Korea. Photographs of the fugitive are contained in Attachment 13 (Bates no. 0211 & 0212).

6.    Risk of flight. The likelihood of flight is substantial if the fugitive learns of the request prior to arrest.

For these reasons, I request the following:

1.    That a warrant be issued pursuant to Title 18, United States Code, Section 3184, for the fugitive's arrest;

2.    That the fugitive be brought before this Court and the evidence of criminality be heard;

3.    That if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of the fugitive to the appropriate authorities of the Requesting State according to the Treaty; and

4.    That this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United

States under the Treaty, including the seizure of any items or materials in the

fugitive's possession at the time of apprehension which are related to the crimes

charged or which may be used as evidence, pursuant to Article 25 of the 1978

Extradition Treaty as amended and supplemented by the 1986 Supplemental

Treaty.

DATED AT Alexandria, Virginia, this 22nd day of October, 2010.

Respectfully submitted,

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

By: _____
James P. Gillis
Assistant United States Attorney

Sworn to and subscribed before me this 22nd day of October, 2010.

/s/
_____
Theresa Carroll Buchanan
United States Magistrate Judge

-6-